UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAITLIN McLEAN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | Case No. 2:20-mc-00323-DMG (GJSx)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

　　　　On November 30, 2020, Petitioner filed a petition seeking to quash a summons issued by the Internal Revenue Service ("IRS") and directed to a third party bank [Dkt. 1, "Petition"].  On December 21, 2020, Petitioner filed an amendment to the Petition [Dkt. 3].  The amendment to the Petition indicated that the original summons had been withdrawn and that a second summons had issued.  Both the original Petition and its amendment contained a proof of service indicating that the documents had been mailed to the IRS Officer who issued the summons, the United States Attorney in Washington D.C., and the United States Attorney in the Central District of California.

　　　　On December 29, 2020, Hon. Gail J. Standish, United States Magistrate Judge, issued an Order advising Petitioner that neither document had been served on

Respondent in compliance with Rule 4(i) of the Federal Rules of Civil Procedure [Dkt. 4, "December Order"]. The December Order advised Petitioner why service of process had not been effected properly and directed her to accomplish service of process and to set a hearing on the amended Petition for a date not less than 28 days after service of the Petition as amended. In addition, the December Order directed Petitioner to file a notice with the Court within 21 days of service of process. The December Order cautioned Petitioner that failure to file such a notice "will result in this action being dismissed for failure to obey a court order."

The period for service of process in this case expired on March 2, 2021. *See* Fed. R. Civ. P. 4(m). It is now nearly a year since the December Order issued, and Petitioner has not filed anything with the Court, nor has she requested additional time to do so. There is no evidence that Petitioner has attempted to comply with the December Order by effecting proper service of process, nor has she set the hearing required by the Order. The Court, therefore, assumes that Petitioner no longer wishes to pursue this case.

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

In this case, the fifth factor, the general policy favoring resolution of cases on the merits, cannot be said to favor retention of this action on the Court's docket. Having reviewed the Petition, as amended, it appears to the Court that Petitioner's stated arguments for quashing the IRS summons are unavailing for the reasons

articulated in *Pontius v. Internal Revenue Service*, No. 1:13-mc-00056-AWI-SAB, 2014 WL 641085 (E.D. Cal. Feb. 18, 2014) (rejecting the same arguments that Petitioner makes here), adopted by 2014 WL 2153939 (April 4, 2014), reconsideration denied by 2014 WL 2153942 (April 23, 2014).  The IRS possessed the authority to issue the summons at issue pursuant to 26 U.S.C. § 7602; Petitioner's arguments regarding 26 U.S.C. § 7608 are without merit.

Petitioner's noncompliance with the December Order and her failure to effect service of process necessarily implicate both the public interest in the expeditious resolution of litigation and the Court's need to manage its docket efficiently, the first and second factors.  *See In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227; *see also Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

The third factor – possible prejudice to the opposing party – is, at best, neutral to Petitioner.  While there is no evidence that Petitioner's actions have resulted in any actual prejudice to Respondent as yet, "[t]he law … presumes prejudice from unreasonable delay." *In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227.

In addition, the fourth factor favors dismissal.  As recounted above, through the December Order, Petitioner was cautioned expressly that her failure to comply with the Order would result in this action being dismissed.  Having been so cautioned, yet having failed to take the action needed to allow this case to survive, Petitioner appears to lack any interest in pursuing this case anymore.

A balancing of these factors thus leads to the conclusion that dismissal without prejudice, pursuant to Rule 41(b), is warranted.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (dismissal appropriate when strongly supported by three factors); *Malone v. United States Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (dismissal appropriate when supported by four factors).

///

///

///

Accordingly, for the foregoing reasons, IT IS ORDERED that this case is dismissed without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: November 23, 2021

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE